NO. 07-12-00324-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 28, 2012

---

JOEL DUANE CORDERO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,639-E; HONORABLE DOUGLAS WOODBURN, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Joel Duane Cordero, entered a plea of guilty, pursuant to a plea bargain, to the offense of aggravated sexual assault of a child.[1]  Pursuant to the plea agreement, appellant was not adjudicated guilty, but was placed on community supervision for a period of ten years.  Subsequently, the State filed a motion to adjudicate appellant guilty.  Appellant pleaded true to the allegations contained in the State's motion and appellant was sentenced to confinement in the Institutional Division

---

[1] See TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2012).

of the Texas Department of Criminal Justice for 15 years. Appellant gave notice of appeal. We will modify and affirm the judgment of the trial court.

Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744–45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw, and appropriately advised appellant of his right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The Court has also advised appellant of his right to file a *pro se* response. Appellant has not filed a response. By his Anders brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

We note the trial court's judgment contains an order that appellant repay attorney's fees "as per the attached bill of costs." The bill of costs reflects total

attorney's fees of $5,788.72. However, the record demonstrates that appellant has been considered indigent throughout these proceedings, and there is no other evidence or determination by the trial court that the appellant has the ability to pay such fees. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). Accordingly, we modify the trial court's judgment by deleting the language ordering appellant to repay attorney's fees in the amount of $5,788.72. See Mayer v. State, 309 S.W.3d 552, 553 (Tex.Crim.App. 2010).

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed as modified.[2]

Mackey K. Hancock
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant=s right to file a *pro se* petition for discretionary review. See TEX. R. APP. P. 48.4.